Curia, per Johnston, Ch,
It appears that the statute of Jipi, itations, which was pleaded, was overlooked in the circuit decree.
This court is of opinion that the evidence was entirely sufffi cient to make out the existence of the agreement charged in the bill. There is no difficulty in applying, the evidence to the per® sonalty, to the full extent for which May is made liable by the decree; and in relation to that, it makes put ft case pf express *98 technical trust by agreement, to which the statute of limitations has no application.
With respect to the lands purchased, parol evidence of the agreement was not receivable. The case, in that respect, stands, therefore, as if no agreement had been made.
We are satisfied with the view taken by the Chancellor, that if purchases be made by one representing himself to be acting under an agreement with a debtor, and for his benefit, when, in fact, there was no agreement, the advantages thus obtained should be taken away from him, on the ground of fraud ; and this doctrine we think properly applicable in the case before us, so far as the lands are concerned; there being no suitable evidence of an agreement, and, therefore, no agreement, in relation to them.
But the fraud here was perpetrated in 1830, and the bill was not filed until 1837. The remedy, with respect to the lands, was, therefore, barred before the suit ivas brought.
It is therefore ordered, that the decree be reformed, by excluding from the account the lands purchased by May. In all other respects, the decree is affirmed, and the appeal dismissed,
Harper and Johnson, CC. concurred.
Dunícií?! Oh, concurred in the result,